UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
"IN ADMIRALTY"

AUXILIAR ALMA BULK AIE, S.A.,

    Plaintiff,

v.

CASE NO.:

M/V MARATON, her engines, machinery,
boilers, appliances, equipment, freight, (including
tackle, apparel, Appurtenances, et cetera), in rem
and BEYOND GROUP, LLC,

    Defendants.
_____/

## VERIFIED COMPLAINT FOR PETITORY RELIEF AND FOR POSSESSION OF VESSEL

Plaintiff, AUXILIAR ALMA BULK AIE, S.A., sues the Defendants, the Motor Vessel MARATON, IMO No. 7529330, her engines, machinery, boilers, appliances, equipment, freight, (including tackle, apparel, etc.), (hereinafter also referred to as, the "VESSEL") *in rem* and BEYOND GROUP, LLC *in personam,* for petitory relief and possession under Rule D of the Supplemental Rules for Admiralty or Maritime claims and alleges:

### Jurisdiction and Venue

1.    This is an action under admiralty and maritime jurisdiction as hereinafter fully set forth and is an admiralty claim within the meaning and intent of Rule 9(h) of the Federal Rules of Civil Procedure and 28 U.S.C.A. §1333.

2.    Venue is proper in this Court because the VESSEL is located in this District.

3. Plaintiff, AUXILIAR ALMA BULK AIE, S.A. (hereinafter referred to as "AUXILIAR"), is a resident of a foreign jurisdiction. AUXILIAR holds valid and legal title to the VESSEL.

4. Defendant, BEYOND GROUP, LLC (hereinafter referred to as "BEYOND"), is an active Florida limited liability company.

5. The VESSEL has an IMO No. 7529330, is registered in Panama and was constructed in 1976, is 78.65 meters in length, has a 12.25 meters foot beam and a draft of 6.10 meters.

6. The VESSEL is presently anchored in at birth at 2974 N.W. North River Drive, Miami FL 33142 within the jurisdiction of this Honorable Court. The VESSEL is transitory in nature, and, as such, is at risk of leaving the jurisdiction of this Court if not immediately arrested.

## GENERAL ALLEGATIONS

7. All conditions precedent to maintain this action have occurred, been waived or have otherwise been satisfied.

8. The Plaintiff has retained the law firm of ARAN, CORREA & GUARCH, P.A. to bring and prosecute this action and has agreed and is obligated to pay this firm a reasonable attorneys' fee, plus all costs, including all costs and fees of the United States Marshall and Substitute Custodian, if appointed, which fees, costs and expenses are presently estimated to be no less than **$1,920.00** per day. The Defendants are liable for the payment of these fees.

9. AUXILIAR entered into a series of written contracts for the purchase and sale of the VESSEL with certain individuals that have by agreement transferred their interest in the contracts to BEYOND. Copies of the relevant contract documents are attached hereto as Composite Exhibit A.

10. Pursuant to the terms of the contract documents, the purchase price for the VESSEL is to be paid in installments and until such time as full payment is made by BEYOND, AUXILIAR retains legal title to the VESSEL. To date BEYOND remains liable for a significant portion of the purchase price of the VESSEL and, therefore, AUXILIAR remains the valid and legal title holder to the VESSEL.

11. Pursuant to the terms of the contracts documents, BEYOND is entitled to possession of the VESSEL so long as BEYOND is in compliance with all the terms of the contracts.

12. Upon a default by BEYOND of any of various contract documents, AUXILIAR is entitled to, without limitation, to retain all the deposits, cancel the purchase and sale agreement and to take possession and control of the VESSEL.

## COUNT I
## PETITORY ACTION

13. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 as if more fully set forth herein.

14. AUXILIAR and BEYOND are parties to those certain contracts for the purchase and sale of the VESSEL attached hereto as Composite Exhibit A.

15. BEYOND is in breach of its material obligations under the contract documents in accordance with the following events of default:

(a) BEYOND refused to adhere to the technical management orders received from the management company for the VESSEL directing the VESSEL to certain alternative ports to conduct necessary inspections prior to the VESSEL coming to port in Miami;

(b) BEYOND undermined and subverted the management company's authority over the crew and direction to the crew of the VESSEL;

(c) BEYOND allowed one of its principals to travel on the VESSEL despite contrary orders of the management company and applicable maritime regulations for the purpose of undermining and subverting the authority of the management company;

(d) BEYOND unreasonably imperiled and jeopardized the VESSEL by refusing to adhere to the management company's orders and bringing the VESSEL to Miami without having sufficient fuel for the journey;

(e) BEYOND failed to pay for services to the VESSEL and incurred debts without complying with the contract documents;

(f) BEYOND asserted in writing that the VESSEL could serve as security for services to the VESSEL in contravention to the no lien provisions in the contract documents; and

(g) Upon information and belief, BEYOND has allowed or caused the fraudulent change of officers for the Plaintiff entity with Panamanian authorities in contravention to the contract documents.

16. The foregoing events of default are material, entitle AUXILIAR to cancel the purchase and sale agreement with BEYOND, perfect the security interest over the VESSEL in favor of AUXILIAR, and be declared the valid and legal title holder to the VESSEL.

WHEREFORE Plaintiff prays that Judgment be entered against the Defendant, BEYOND GROUP, LLC declaring that the valid and legal title to the vessel is held by Plaintiff, AUXILIAR ALMA BULK AIE, S.A., and such other and further relief this Court deems just.

## COUNT II
## POSSESSORY ACTION

17. The Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 12 and 14 through 16 as if more fully set forth herein.

18. As set forth above, BEYOND group has materially breached the contract documents for the purchase and sale of the VESSEL.

19. Based upon the above referenced breaches of the contract documents, AUXILIAR has canceled the contract documents and is entitled to regain possession of the VESSEL.

20. AUXILIAR is the rightful title owner of the VESSEL and has the right to immediate possession, and to terminate the unlawful detention of the VESSEL by the Defendant.

WHEREFORE Plaintiff prays

i. That process in due form issue from this Honorable Court according to the form of practice of this Court in causes of admiralty and maritime jurisdiction against Defendant, VESSEL, her engines, tackle, etc., in rem, citing all persons claiming any right, title or interest therein to appear and answer under oath all singular matters aforesaid;

ii. that Judgment be entered against the Defendants, M/V MARATON, her engines, machinery, boilers, appliances, equipment, freight, *et cetera, in rem* and BEYOND GROUP, LLC ordering that the possession of the VESSEL be restored to the Plaintiff; and that Plaintiff have and receive such other, different and further relief to which it is entitled in the premises;

iii. That the Plaintiff may have such further and other relief as it may be entitled to under these premises.

**ARAN, CORREA & GUARCH, P.A.**
Attorney for Auxiliar Alma Bulk AIE, S.A.
255 University Drive
Coral Gables, Florida 33134
Tel. (305) 665-3400
Fax. (305) 665-2250

/s/ Rodolfo Nunez
Rodolfo Nunez, Esq.
Florida Bar No. 16950
rnunez@acg-law.com

## VERIFICATION

I hereby verify that I have personal knowledge of the facts set forth herein, I am an authorized agent of AUXILIAR ALMA BULK AIE, S.A. I have read the foregoing Verified Complaint for Petitiory Relief and Possession of Vessel and state that the facts set forth therein are true and correct.

_____
Vladimir Gonzalez, Authorized Agent
Auxiliar Alma Bulk AIE, S.A.

Before me the undersigned authority personally appeared Vladimir Gonzalez, who after being duly sworn states that he has read the foregoing Verified Complaint and that the statements contained therein are true and correct, and all factual allegations and matters are based upon personal knowledge.

The foregoing was acknowledged before me this 15th day of January, 2016 by Vladimir Gonzalez who produced a Florida Driver's License as identification and who took an oath.

_____
Print Name: Grizel Madruga
Notary Public

Grizel Madruga
NOTARY PUBLIC
STATE OF FLORIDA
Comm# FF938463
Expires 11/23/2019